J-S19007-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : | |
| TYRONE WIGGINS | : | |
| Appellant | : | No. 744 EDA 2017 |

Appeal from the PCRA Order January 30, 2017
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0000591-2010

BEFORE:   SHOGAN, J., NICHOLS, J., and PLATT*, J.

MEMORANDUM BY SHOGAN, J.:                    **FILED MAY 11, 2018**

Appellant, Tyrone Wiggins, appeals from the order entered on

January 30, 2017, that denied his petition filed pursuant to the Post Conviction

Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546.  We affirm.

The PCRA court summarized the procedural history of this case as

follows:

> On December 14, 2010, a jury convicted [Appellant] on
> charges of involuntary deviate sexual intercourse, aggravated
> indecent assault, statutory sexual assault, and corruption of a
> minor.  On March 25, 2011, the court sentenced [Appellant] to an
> aggregate term of 17.5 to 35 years of incarceration in a state
> correctional facility.  On April 4, 2011, [Appellant] filed a post-
> sentence motion which was denied on September 9, 2011.
> [Appellant] filed a notice of appeal on September 21, 2011.  This
> court issued an opinion on January 19, 2012.  On September 27,
> 2013, the Superior Court affirmed [Appellant's] judgment of

_____

* Retired Senior Judge assigned to the Superior Court.

sentence.[1] On June 28, 2015, [Appellant] filed [a timely] Post Conviction Relief Act (PCRA) petition [and counsel filed] an amended PCRA petition on October 15, 2015. This court issued a notice of intent to dismiss the petition pursuant to Pa.R.Cr.P. 907 on December 19, 2016. The petition was formally dismissed on January 30, 2017. [Appellant] filed a Notice of Appeal on February 14, 2017. This court ordered [Appellant] to file a new statement of errors complained of on appeal, and he complied on March 6, 2017.

PCRA Court Opinion, 8/29/17, at 1.

On appeal, Appellant raises the following issues for this Court's consideration:

> I. Did the PCRA court err in dismissing said petition without an evidentiary hearing, where Appellant raised genuine issues of material fact as to whether trial counsel was ineffective for failing to impeach [the] complaining witness with a prior inconsistent statement, specifically an interview she gave to Detective Owens of the Philadelphia Police Department Special Victims Unit on January 12, 2006?
>
> II. Did the PCRA court err in dismissing said petition without an evidentiary hearing, where Appellant raised genuine issues of

---

[1] As noted, this Court affirmed Appellant's judgment of sentence on September 27, 2013. **Commonwealth v. Wiggins**, ___A.3d___, 2457 EDA 2011 (Pa. Super. filed September 27, 2013) (unpublished memorandum). However, counsel was not aware of this court's decision until November 14, 2013, due to a filing error, and at that juncture, counsel filed a petition for allowance of appeal *nunc pro tunc*. Petition for Allowance of Appeal *Nunc Pro Tunc*, 184 EM 2013, 11/27/13. Our Supreme Court granted Appellant's petition and provided Appellant thirty days in which to file a timely petition for allowance of appeal *nunc pro tunc*. Order, 184 EM 2013, 1/28/14. Appellant filed a timely petition for allowance of appeal *nunc pro tunc* on February 21, 2014, and the Supreme Court ultimately denied the petition. Order, 79 EAL 2014, 7/2/14. Appellant's judgment of sentence became final ninety days later on September 30, 2014. U.S. Sup.Ct. R. 13; 42 Pa.C.S. § 9545(b)(3). Thus, Appellant had until September 30, 2015, to file a timely PCRA petition. 42 Pa.C.S. § 9545(b)(1). Therefore, Appellant's June 28, 2015 PCRA petition was timely.

material fact as to whether trial counsel was ineffective for failing to challenge the complainant's testimony that the original sexual encounter took place in Fairmount Park when she was twelve within a thirty minute time frame?

III. Did the PCRA court err in dismissing said petition without an evidentiary hearing, where Appellant raised genuine issues of material fact as to whether trial counsel was ineffective for failing to impeach testimony of two witnesses who claimed that the complainant reported the sexual assault to them prior to going to police, when complainant testified that she did not ever report the assault previously?

Appellant's Brief at 3 (full capitalization omitted).

Our standard of review is well settled:

In reviewing the denial of PCRA relief, we examine whether the PCRA court's determination is supported by the record and free of legal error. The scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the trial level. It is well-settled that a PCRA court's credibility determinations are binding upon an appellate court so long as they are supported by the record. However, this Court reviews the PCRA court's legal conclusions *de novo*.

*Commonwealth v. Miller*, 102 A.3d 988, 992 (Pa. Super. 2014) (internal citations and quotation marks omitted). "We also note that a PCRA petitioner is not automatically entitled to an evidentiary hearing." *Id.* (citation omitted). "We review the PCRA court's decision dismissing a petition without a hearing for an abuse of discretion." *Id.* (citation omitted).

The right to an evidentiary hearing on a post-conviction petition is not absolute. It is within the PCRA court's discretion to decline to hold a hearing if the petitioner's claim is patently frivolous and has no support either in the record or other evidence. It is the responsibility of the reviewing court on appeal to examine each issue raised in the PCRA petition in light of the record certified before it in order to determine if the PCRA court erred in its

- 3 -

> determination that there were no genuine issues of material fact in controversy and in denying relief without conducting an evidentiary hearing.

*Id.* (internal citations and quotation marks omitted).

Additionally, when considering an allegation of ineffective assistance of counsel, counsel is presumed to have provided effective representation unless the PCRA petitioner pleads and proves that: (1) the underlying claim is of arguable merit; (2) counsel had no reasonable basis for his conduct; and (3) petitioner was prejudiced by counsel's action or omission. ***Commonwealth v. Spotz***, 84 A.3d 294, 311 (Pa. 2014). "In order to meet the prejudice prong of the ineffectiveness standard, a defendant must show that there is a 'reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different.'" ***Commonwealth v. Reed***, 42 A.3d 314, 319 (Pa. Super. 2012). A claim of ineffective assistance of counsel will fail if the petitioner does not meet any one of the three prongs. ***Commonwealth v. Simpson***, 66 A.3d 253, 260 (Pa. 2013). The burden of proving ineffectiveness rests with the petitioner. ***Commonwealth v. Rega***, 933 A.2d 997, 1018 (Pa. 2007).

In his first two issues, Appellant avers that the PCRA court erred in dismissing his PCRA petition because his trial counsel was ineffective. Specifically, Appellant alleges that his trial counsel was ineffective for failing to impeach the victim with statements she made during an interview she gave to the Special Victims Unit and the victim's inconsistent statements regarding

details of the first sexual assault, including where in Fairmount Park the assault occurred.

We conclude that Appellant's claims merit no relief because Appellant cannot establish that counsel's failure to impeach the victim caused prejudice. The record reveals that the victim recounted at trial, in striking detail, the years that Appellant, who was a Philadelphia police officer and the victim's karate instructor, spent grooming her, inserting himself into her family's life, gaining their trust, and all the while engaging in a years-long pattern of involuntary deviate sexual intercourse, aggravated indecent assault, and statutory sexual assault. N.T., 11/30/10, at 7-94. We are mindful that this sexual abuse occurred over the course of nine years, beginning when the victim was twelve years old. As the PCRA court noted:

> Here, it was reasonable to expect that [the victim] would have difficulty remembering dates of sexual assaults that occurred thirteen years prior to trial. The jury chose to credit [the victim's] version of events and [Appellant] has not established that impeachment on the Special Victims interview would have changed the outcome of this case. *Commonwealth v. Rainey*, 928 A.2d 215, 233 (Pa. 2007) ("If it is clear that Appellant has not demonstrated that counsel's act or omission adversely affected the outcome of the proceedings, the claim may be dismissed on that basis alone and the court need not first determine whether the first and second prongs of the ineffectiveness test have been met").

PCRA Court Opinion, 8/29/17, at 10; *see also Commonwealth v. Solano*, 129 A.3d 1156, 1172 (Pa. 2015) (where there is a reasonable explanation for an inconsistency between a prior statement and trial testimony, counsel was not ineffective for failing to impeach the witness).

- 5 -

Moreover, Appellant's counsel thoroughly cross-examined the victim and attempted to illustrate inconsistencies in her testimony. N.T., 11/30/10, at 7-94. Counsel also highlighted the victim's conflicting statements and inconsistencies in his closing remarks to the jury. N.T., 12/9/10, at 20, 45-60. Nevertheless, the jury found Appellant guilty beyond a reasonable doubt. We discern no error in the PCRA court's conclusion that any inconsistency in the recollection of dates and specific times or locations was reasonable in light of the duration and frequency of the abuse Appellant inflicted upon the victim. Accordingly, there is no prejudice as Appellant has failed to establish that impeachment of the victim with prior inconsistent statements concerning dates and locations of specific sexual assaults would have resulted in a different outcome at trial.

In his third issue on appeal, Appellant avers that trial counsel was ineffective for failing to impeach the testimony of two witnesses who claimed that the victim told them about the sexual abuse prior to the victim reporting the assaults to the police. Appellant's Brief at 26. Appellant avers that trial counsel should have impeached the witnesses' testimony with the victim's previous statement that she did not report the assault to anyone prior to going to the police in January of 2006. *Id.*

After review, we agree with the PCRA court's conclusion that counsel had a strategic basis for not highlighting this issue: the testimony which

revealed that the victim informed two confidants about the abuse corroborates the victim's testimony. As the PCRA court noted:

> The fact that [the victim] had told her friends about the history of sexual assaults prior to reporting it to the police strengthens her testimony. The testimony from the two Commonwealth witnesses established that [the victim] had confided in close friends about the sexual assaults …. This lent credibility to [the victim's] claim that the sexual assaults did occur and were not merely fabricated as an act of revenge on [Appellant] for attempting to sabotage [the victim's career]. Instead of emphasizing this damaging point, trial counsel argued that [the victim's] two friends were biased in his closing argument. N.T., 12/9/2010, at 36. Trial counsel was not ineffective for declining to further probe witness testimony that was damaging to his client's case. *Commonwealth v. Rivers*, 786 A.2d 923, 930 (Pa. 2001) (counsel will not be deemed ineffective for pursuing a particular strategy as long as the course chosen was reasonable). Because trial counsel's strategy was in his client's best interests, [Appellant's] claim is meritless.

PCRA Court Opinion, 8/29/17, at 12. After review, we conclude that counsel had a reasonable basis for not pursuing this line of questioning, and Appellant is entitled to no relief.

For the reasons set forth above, we discern no error of law or abuse of discretion in the PCRA court denying Appellant's petition without a hearing. Accordingly, we affirm.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/11/18